RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

NITHYA SENRA
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-307-6570 (t)
202-307-0054 (f)
Nithya.Senra@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

United States of America,

          Plaintiff,

  v.

Michael S. Ho and Li H. Tay,

          Defendants.

Case No. 3:20-cv-3818

**COMPLAINT**

Plaintiff, the United States of America ("United States"), through its undersigned counsel, alleges the following:

**Introduction**

1. This is a timely civil action brought by the United States with the authorization of the Secretary of the Treasury (31 U.S.C. § 3711(g)(4)(C)) and at the direction of the Attorney General of the United States.

2. The United States brings this timely action to collect from defendant outstanding civil penalty assessments (31 U.S.C. § 5321(a)(5)), commonly known as FBAR penalties, which were assessed against defendants Michael S. Ho and Li H. Tay for their willful failure to timely report their financial interests in, and/or their signatory authority over, foreign bank accounts for the 2011, 2012, 2013, and 2014 calendar years, as required by 31 U.S.C. § 5314 and its implementing regulations, as well as all associated penalties and interest. Each defendant is

separately liable for FBAR penalties, and each is separately indebted to the United States of America in the amount of $249,808.90 as of May 1, 2020.

3. The United States is entitled to proceed under the Federal Debt Collection Practices Act (28 U.S.C. § 3001 et seq.) to collect any judgment it obtains in this case, including the use of all appropriate pre-judgment remedies, post-judgment remedies, and the additional surcharge as authorized by 28 U.S.C. § 3011.

**Defendants**

4. Defendant Michael S. Ho ("Mr. Ho") is a resident of Fremont, California, and resided in Fremont at the time the events that gave rise to the civil penalties at issue in this action took place. Defendant is a U.S. citizen, and has been a U.S. citizen at all times relevant to the assessment of the outstanding liabilities at issue in this action.

5. Defendant Li H. Tay ("Ms. Tay") is a resident of Fremont, California, and resided in Fremont at the time the events that gave rise to the civil penalties at issue in this action took place. Ms. Tay is also known as Yvonne. Ms. Tay is a U.S. person, and has been a U.S. person at all times relevant to the assessment of the outstanding liabilities at issue in this action.

6. Defendants Mr. Ho and Ms. Tay are husband and wife.

**Jurisdiction and Venue**

7. Jurisdiction over this action is conferred upon this district court by 28 U.S.C. §§ 1331, 1345, and 1355.

8. Venue is proper under 28 U.S.C. §1395(a), 1391(b)(1), or alternatively under 28 U.S.C. § 1391(b)(2), because each defendant can be found and resides in this district, and a substantial part of the events or omissions giving rise to the civil penalties (i.e. claim) occurred in this judicial district.

**Legal Authority for FBAR Penalty**

9. 31 U.S.C. § 5314 authorizes the Secretary of the Treasury to require United States persons to report certain transactions with foreign financial agencies. Under the statute's implementing regulations, "[e]ach United States person having a financial interest in, or

signature authority over, a bank, securities, or other financial account in a foreign country shall report such relationship" to the Internal Revenue Service ("IRS") for each year in which such relationship exists. 31 C.F.R. § 1010.350(a).

10. To fulfill this requirement a person must file a Form TD F 90-22.1 (for the calendar years 2011 and 2012) or FinCEN Form 114 (for the calendar years 2013 and 2014). Both Form TD F 90-22.1 and FinCEN Form 114 are titled "Report of Foreign Bank and Financial Accounts," and are commonly referred to as an "FBAR."

11. For the calendar years at issue (2011, 2012, 2013 and 2014), an FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).

12. 31 U.S.C. § 5321(a)(5) provides for the imposition of civil penalties for failure to comply with the reporting requirements of 31 U.S.C. § 5314.

### Defendants' Foreign Bank Accounts

13. Since approximately 1991, Mr. Ho has held an account at DBS Bank Ltd. in Singapore, account number ending in -911-1 ("DBS account").

14. In approximately 2003, Ms. Tay was added as a joint account holder of the DBS account.

15. For the years 2011, 2012, 2013 and 2014, Mr. Ho and Ms. Tay jointly owned and managed the DBS account, and each has personally used and profited from the funds in the account.

16. Funds from the DBS account were used to pay for a life insurance policy on Mr. Ho's life with Aviva Limited, a foreign insurance company.

17. In 2013 or 2014, Mr. Ho traveled to Singapore to open an account at OCBC Bank, account number ending in -9001 ("OCBC account").

18. The OCBC account was held in defendant Michael S. Ho's name.

19. Both Mr. Ho and Ms. Tay held a beneficial financial interest in the OCBC account, and/or had signatory authority over the OCBC account.

20. The OCBC account was used to facilitate the purchase of a rental property in Bangkok, Thailand.

21. In 2014, Mr. Ho deposited approximately $246,000 in U.S. dollars into the OCBC account.

22. During each of the years 2011, 2012, 2013, and 2014 the value of the DBS account exceeded $10,000 in U.S. currency, and both Mr. Ho and Ms. Tay were each separately required to report their interest in the DBS account on a timely filed FBAR for each of these years.

23. During the year 2014, the aggregate value of the DBS account and OCBC account exceeded $10,000 in U.S. currency, and both Mr. Ho and Ms. Tay were each separately required to report their interests in the DBS account and OCBC account on a timely filed FBAR for the 2014 calendar year.

### Defendant's Tax and FBAR Filings

24. Mr. Ho has a bachelor's degree in accounting and finance from Edith Cowen College in Australia.

25. Ms. Tay has a bachelor's degree in marketing from San Jose State University, and does inside sales (providing accounting support) for Interworld, a Malaysian company that sells supplies for pharmaceutical and technology cleanrooms.

26. For each of the years 2011, 2012, 2013, and 2014, Mr. Ho and Ms. Tay filed joint tax returns (IRS Forms 1040).

27. Mr. Ho prepared their joint returns for the 2011, 2012 and 2013 years. Defendants hired a CPA to prepare their 2014 joint tax return.

28. For each of the years 2011, 2012, 2013 and 2014, each of the defendants knew the DBS account balance exceeded $10,000 in U.S. currency; each knew they jointly owned the DBS account, and each knew they separately had signature authority over the DBS account.

29. Both Mr. Ho and Ms. Tay were required to file a Schedule B, Interest and Ordinary Dividends, to their Forms 1040 for each of the years 2011, 2012, 2013, and 2014.

30. Mr. Ho and Ms. Tay failed to attach the required Schedule B for the years 2011 and 2013.

31. For 2012, Mr. Ho and Ms. Tay filed a Schedule B, but falsely answered "no" to the first question on line 7a of Part III, Foreign Accounts and Trusts ("At any time during 2012, did you have a financial interest in or signature authority over a financial account (such as a bank account, securities account, or brokerage account) located in a foreign country? See instructions."), indicating that each did not have any such interest or authority over a foreign account.

32. For 2014, Mr. Ho and Ms. Tay filed a Schedule B, but falsely answered "no" to the first question on line 7a of Part III, Foreign Accounts and Trusts ("At any time during 2014, did you have a financial interest in or signature authority over a financial account (such as a bank account, securities account, or brokerage account) located in a foreign country? See instructions."), indicating that each did not have any such interest or authority over a foreign account.

33. Defendants did not report the interest, dividends and other income related to the DBS account on their joint Forms 1040 during the years 2011, 2012, 2013 and 2014, and related to the OCBC account for 2014.

34. However, Mr. Ho and Ms. Tay reported interest, dividends, and other income related to the DBS account and OCBC account on tax returns filed with Singaporean authorities for the years 2011, 2012, 2013 and 2014.

35. During an audit related to his 2009 Form 1040, Mr. Ho falsely stated that he did not have any foreign bank accounts, when in fact he jointly owned the DBS account with Ms. Tay.

36. On April 17, 2013, during an interview for an audit, Mr. Ho falsely stated to an IRS Revenue Agent that he did not have any assets or accounts in foreign countries.

37. On January 27, 2016, both Mr. Ho and Ms. Tay falsely stated to an IRS Revenue Agent that since coming to the United States, neither of them had any foreign accounts or

1 businesses. Both had an interest in the foreign DBS account for over a decade, and had
2 immigrated to the United States in or before 1994.

3     38. On October 26, 2016, a representative for Mr. Ho and Ms. Tay informed the IRS
4 Revenue Agent conducting the audit of the existence of the DBS account and Mr. Ho and Ms.
5 Tay's joint ownership of that account.

6     39. On September 21, 2017, Mr. Ho and/or Ms. Tay disclosed the existence of the
7 OCBC account to the IRS Revenue Agent conducting the audit.

8     40. When confronted with their failure to report their interests in the DBS account
9 and the OCBC account on an FBAR, defendants reported their interests in the accounts on
10 FBARs for the 2015 and 2016 calendar years, but did not report their interest in the accounts on
11 an FBAR for the 2011, 2012, 2013 or 2014 years.

12     41. Mr. Ho and Ms. Tay did not participate in any voluntary disclosure initiative, such
13 as the 2009 or 2011 Offshore Voluntary Disclosure Programs.

## COUNT 1: JUDGMENT AGAINST MR. HO

*Liability for the Civil Penalties*

16     42. During the 2011, 2012, 2013, and 2014 calendar years, Michael S. Ho was a
17 United States citizen, resided within the United States, or was otherwise subject to the
18 jurisdiction of the United States within the meaning of 31 C.F.R. § 1010.350(b).

19     43. During the 2011, 2012, 2013, and 2014 calendar years, Michael S. Ho had
20 signatory authority over the DBS account, within the meaning of 31 C.F.R. § 1010.350(f).

21     44. During the 2014 calendar year, Michael S. Ho had signatory authority over the
22 OCBC account, within the meaning of 31 C.F.R. § 1010.350(f).

23     45. During the 2011, 2012, 2013, and 2014 calendar years, Michael S. Ho had a
24 financial interest in the DBS account, within the meaning of 31 C.F.R. § 1010.350(e).

25     46. During the 2014 calendar year, Michael S. Ho had a financial interest in the
26 OCBC account, within the meaning of 31 C.F.R. § 1010.350(e).

27

47. The DBS account and OCBC account were bank accounts (31 C.F.R. § 1010.350(c)(1)) in a foreign country.

48. During the 2011, 2012, 2013 and 2014 calendar years, the aggregate balance of the DBS account and OCBC account exceeded $10,000 in U.S. currency at a point in time during each respective calendar year.

49. Michael S. Ho had a reportable interest in foreign bank accounts and failed to file an FBAR with regard to the 2011, 2012, 2013 and 2014 calendar years, by the applicable deadline, as required by 31 U.S.C. § 5314 and 31 C.F.R. § 1010.306(c).

50. The failure of Michael S. Ho to timely file FBARs with regard to the 2011, 2012, 2013 and 2014 calendar years was willful within the meaning of 31 U.S.C. § 5321(a)(5).

*Assessment and Collection of the Civil Penalties*

51. On June 11, 2018, pursuant to 31 U.S.C. § 5321(a)(5), a duly authorized delegate of the Secretary of the Treasury of the United States of America timely assessed Michael S. Ho with the following civil penalty:

| Year | Financial Institution | Account number | Amount of Penalties Assessed |
|---|---|---|---|
| 2011 | DBS Bank Ltd. | -9111 | $50,000 |

52. On April 30, 2019, pursuant to 31 U.S.C. § 5321(a)(5), a duly authorized delegate of the Secretary of the Treasury of the United States of America timely assessed Mr. Ho with the following civil penalties:

| Year | Financial Institution | Account number | Amount of Penalties Assessed |
|---|---|---|---|
| 2012 | DBS Bank Ltd. | -9111 | $30,489 |
| 2013 | DBS Bank Ltd. | -9111 | $50,000 |
| 2014 | DBS Bank Ltd. | -9111 | $50,000 |
| 2014 | OCBC Bank | -9001 | $50,000 |

53. The FBAR penalties described in paragraphs 51 and 52 above were assessed pursuant to 31 U.S.C. § 5321(a)(5)(C), due to Mr. Ho's willful failure to timely disclose each of the foreign accounts at DBS Bank and OCBC Bank.

54. A delegate of the Secretary of Treasury sent Mr. Ho a notice of the assessment of the FBAR penalties described in paragraphs 51 and 52 above, which total $230,489, and demand

1 for payment. Despite receiving the notice and demand, Mr. Ho has not paid the assessed
2 penalties.

3     55.    The United States is entitled to recover and collect the $230,489.00 in assessed
4 but unpaid FBAR penalties from Mr. Ho.

5     56.    In addition, pursuant to 31 U.S.C. § 3717(a)(1), the United States is entitled to
6 recover prejudgment interest accrued on Mr. Ho's unpaid penalties. The accrued, but unpaid,
7 interest was $2,759.99 as of May 1, 2020.

8     57.    In addition, pursuant to 31 U.S.C. § 3717(e)(2), Mr. Ho owes late-payment
9 penalties for his failure to pay a lawful debt owed to the United States. The accrued, but unpaid,
10 late-payment penalty was $16,559.91 as of May 1, 2020.

11     58.    In addition, pursuant to 31 U.S.C. § 3717(e)(1), the United States is entitled to
12 recover charges assessed against Mr. Ho to cover collection-related costs of processing and
13 handling his outstanding FBAR liabilities.

14     59.    Mr. Ho is liable to the United States for the FBAR penalties, as well as associated
15 late-payment penalties and interest, in the total amount of $249,808.90, as of May 1, 2020, plus
16 statutory accruals from that date, less any payments, until the liability is paid in full.

17     60.    The United States is entitled to a judgment against defendant Michael S. Ho in the
18 amount of $249,808.90 as of May 1, 2020, plus statutory accruals as provided by law from that
19 date until fully paid.

20 WHEREFORE, the United States respectfully prays that this Court:

21 A. Enter Judgment in favor of the United States and against Defendant Michael S.
22 Ho in the amount of $249,808.90, as of May 1, 2020, together with late-payment
23 penalties, interest, and any collection costs accruing from that date.

24 //
25 //
26 //
27 //

## COUNT 2: JUDGMENT AGAINST MS. TAY

*Liability for the Civil Penalties*

61. During the 2011, 2012, 2013, and 2014 calendar years, Li H. Tay resided within the United States, or was otherwise subject to the jurisdiction of the United States within the meaning of 31 C.F.R. § 1010.350(b).

62. During the 2011, 2012, 2013, and 2014 calendar years, Li H. Tay had signatory authority over the DBS account, within the meaning of 31 C.F.R. § 1010.350(f).

63. During the 2011, 2012, 2013, and 2014 calendar years, Li H. Tay had a financial interest in the DBS account, within the meaning of 31 C.F.R. § 1010.350(e).

64. During the 2014 calendar year, Li H. Tay had a financial interest in the OCBC account, within the meaning of 31 C.F.R. § 1010.350(e).

65. The DBS account and OCBC account were bank accounts (31 C.F.R. § 1010.350(c)(1)) in a foreign country.

66. During the 2011, 2012, 2013 and 2014 calendar years, the aggregate balance of the DBS account and OCBC account exceeded $10,000 in U.S. currency at a point in time during each respective calendar year.

67. Li H. Tay had a reportable interest in foreign bank accounts and failed to file an FBAR with regard to the 2011, 2012, 2013 and 2014 calendar years, by the applicable deadline, as required by 31 U.S.C. § 5314 and 31 C.F.R. § 1010.306(c).

68. The failure of Li H. Tay to timely file FBARs with regard to the 2011, 2012, 2013 and 2014 calendar years was willful within the meaning of 31 U.S.C. § 5321(a)(5).

//

//

//

//

//

//

*Assessment and Collection of the Civil Penalties*

69. On June 11, 2018, pursuant to 31 U.S.C. § 5321(a)(5), a duly authorized delegate of the Secretary of the Treasury of the United States of America timely assessed Li H. Tay with the following civil penalty:

| Year | Financial Institution | Account number | Amount of Penalties Assessed |
|---|---|---|---|
| 2011 | DBS Bank Ltd. | -9111 | $50,000 |

70. On April 30, 2019, pursuant to 31 U.S.C. § 5321(a)(5), a duly authorized delegate of the Secretary of the Treasury of the United States of America timely assessed Li H. Tay with the following civil penalties:

| Year | Financial Institution | Account number | Amount of Penalties Assessed |
|---|---|---|---|
| 2012 | DBS Bank Ltd. | -9111 | $30,489 |
| 2013 | DBS Bank Ltd. | -9111 | $50,000 |
| 2014 | DBS Bank Ltd. | -9111 | $50,000 |
| 2014 | OCBC Bank | -9001 | $50,000 |

71. The FBAR penalties described in paragraphs 69 and 70 above were assessed pursuant to 31 U.S.C. § 5321(a)(5)(C), due to Ms. Tay's willful failure to timely disclose each of the foreign accounts at DBS Bank and OCBC Bank.

72. A delegate of the Secretary of Treasury sent Ms. Tay a notice of the assessment of the FBAR penalties described in paragraphs 69 and 70 above, which total $230,489, and demand for payment. Despite receiving the notice and demand, Ms. Tay has not paid the assessed penalties.

73. The United States is entitled to recover and collect the $230,489.00 in assessed but unpaid FBAR penalties from Ms. Tay.

74. In addition, pursuant to 31 U.S.C. § 3717(a)(1), the United States is entitled to recover prejudgment interest accrued on Ms. Tay's unpaid penalties. The accrued, but unpaid, interest was $2,759.99 as of May 1, 2020.

75. In addition, pursuant to 31 U.S.C. § 3717(e)(2), Ms. Tay owes late-payment penalties for her failure to pay a lawful debt owed to the United States. The accrued, but unpaid, late-payment penalty was $16,559.91 as of May 1, 2020.

76. In addition, pursuant to 31 U.S.C. § 3717(e)(1), the United States is entitled to recover charges assessed against Ms. Tay to cover collection-related costs of processing and handling her outstanding FBAR liabilities.

77. Ms. Tay is liable to the United States for the FBAR penalties, as well as associated late-payment penalties and interest, in the total amount of $249,808.90, as of May 1, 2020, plus statutory accruals from that date, less any payments, until the liability is paid in full.

78. The United States is entitled to a judgment against defendant Li H. Tay in the amount of $249,808.90 as of May 1, 2020, plus statutory accruals as provided by law from that date until fully paid.

WHEREFORE, the United States respectfully prays that this Court:

B. Enter Judgment in favor of the United States and against defendant Li H. Tay in the amount of $249,808.90, as of May 1, 2020, together with late-payment penalties, interest, and any collection costs accruing from that date;

C. Award the United States its costs in this action, and any other further relief as the Court may find necessary or appropriate.

DATED this 10th day of June, 2020.

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Nithya Senra*
NITHYA SENRA
Trial Attorney, Tax Division
U.S. Department of Justice

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
Michael S. Ho, Li H. Tay

**(b)** County of Residence of First Listed Plaintiff *(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Alameda *(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Nithya Senra, U.S. Dept. of Justice, Tax Division
P.O. Box 683, Washington, D.C. 20044, (202) 307-6570

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION
[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT

**CONTRACT**: 110 Insurance; 120 Marine; 130 Miller Act; 140 Negotiable Instrument; 150 Recovery of Overpayment Of Veteran's Benefits; 151 Medicare Act; 152 Recovery of Defaulted Student Loans (Excludes Veterans); 153 Recovery of Overpayment of Veteran's Benefits; 160 Stockholders' Suits; 190 Other Contract; 195 Contract Product Liability; 196 Franchise

**REAL PROPERTY**: 210 Land Condemnation; 220 Foreclosure; 230 Rent Lease & Ejectment; 240 Torts to Land; 245 Tort Product Liability; 290 All Other Real Property

**TORTS — PERSONAL INJURY**: 310 Airplane; 315 Airplane Product Liability; 320 Assault, Libel & Slander; 330 Federal Employers' Liability; 340 Marine; 345 Marine Product Liability; 350 Motor Vehicle; 355 Motor Vehicle Product Liability; 360 Other Personal Injury; 362 Personal Injury -Medical Malpractice

**TORTS — PERSONAL INJURY**: 365 Personal Injury – Product Liability; 367 Health Care/Pharmaceutical Personal Injury Product Liability; 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**: 370 Other Fraud; 371 Truth in Lending; 380 Other Personal Property Damage; 385 Property Damage Product Liability

**CIVIL RIGHTS**: 440 Other Civil Rights; 441 Voting; 442 Employment; 443 Housing/Accommodations; 445 Amer. w/Disabilities–Employment; 446 Amer. w/Disabilities–Other; 448 Education

**PRISONER PETITIONS — HABEAS CORPUS**: 463 Alien Detainee; 510 Motions to Vacate Sentence; 530 General; 535 Death Penalty

**OTHER**: 540 Mandamus & Other; 550 Civil Rights; 555 Prison Condition; 560 Civil Detainee– Conditions of Confinement

**FORFEITURE/PENALTY**: 625 Drug Related Seizure of Property 21 USC § 881; [X] 690 Other

**LABOR**: 710 Fair Labor Standards Act; 720 Labor/Management Relations; 740 Railway Labor Act; 751 Family and Medical Leave Act; 790 Other Labor Litigation; 791 Employee Retirement Income Security Act

**IMMIGRATION**: 462 Naturalization Application; 465 Other Immigration Actions

**BANKRUPTCY**: 422 Appeal 28 USC § 158; 423 Withdrawal 28 USC § 157

**PROPERTY RIGHTS**: 820 Copyrights; 830 Patent; 835 Patent—Abbreviated New Drug Application; 840 Trademark

**SOCIAL SECURITY**: 861 HIA (1395ff); 862 Black Lung (923); 863 DIWC/DIWW (405(g)); 864 SSID Title XVI; 865 RSI (405(g))

**FEDERAL TAX SUITS**: 870 Taxes (U.S. Plaintiff or Defendant); 871 IRS–Third Party 26 USC § 7609

**OTHER STATUTES**: 375 False Claims Act; 376 Qui Tam (31 USC § 3729(a)); 400 State Reapportionment; 410 Antitrust; 430 Banks and Banking; 450 Commerce; 460 Deportation; 470 Racketeer Influenced & Corrupt Organizations; 480 Consumer Credit; 485 Telephone Consumer Protection Act; 490 Cable/Sat TV; 850 Securities/Commodities/Exchange; 890 Other Statutory Actions; 891 Agricultural Acts; 893 Environmental Matters; 895 Freedom of Information Act; 896 Arbitration; 899 Administrative Procedure Act/Review or Appeal of Agency Decision; 950 Constitutionality of State Statutes

## V. ORIGIN
[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District (specify)
[ ] 6 Multidistrict Litigation–Transfer
[ ] 8 Multidistrict Litigation–Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
31 USC 5314, 5321

Brief description of cause:
Suit to collect civil penalties for failure to report foreign bank accounts on an FBAR

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, Fed. R. Civ. P.
**DEMAND $** 499,618.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [X] No

## VIII. RELATED CASE(S), IF ANY *(See instructions)*
JUDGE: 
DOCKET NUMBER:

## IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)
*(Place an "X" in One Box Only)*
[X] SAN FRANCISCO/OAKLAND  [ ] SAN JOSE  [ ] EUREKA-MCKINLEYVILLE

**DATE** 06/10/2020
**SIGNATURE OF ATTORNEY OF RECORD** /s/ Nithya Senra